UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RAY MIX,

       Petitioner,

                                           CASE NO. 16-10909
v.                                    HONORABLE SEAN F. COX

DUNCAN MACLAREN,

       Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION TO DISMISS (docket no. 7), GRANTING PETITIONER'S MOTION TO HOLD THE HABEAS PETITION IN ABEYANCE (docket no. 8), AND CLOSING THIS CASE

### I. Introduction

On March 10, 2016, petitioner Daniel Ray Mix filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. *See* docket no. 1. The habeas petition challenges Petitioner's convictions for: three counts of criminal sexual conduct in the first degree, *see* Mich. Comp. Laws § 750.520b(1)(a); two counts of criminal sexual conduct in the second degree, *see* Mich. Comp. Laws § 750.520c(1)(a); and one count of assault with intent to commit criminal sexual conduct involving sexual penetration, *see* Mich. Comp. Laws § 750.520g. As grounds for relief, Petitioner claimed that: (1) trial counsel was ineffective for failing to (a) challenge the testimony of three witnesses, (b) object to the complainant's use of a support person and witness screen, and (c) conduct a meaningful cross-examination of the complainant; (2) the trial court violated his right of confrontation and the presumption of innocence by permitting the complainant to testify through a two-way screen, aided by a support person; (3) the trial court violated his right

to due process by miscalculating offense variables 3, 10, and 19 of the sentencing guidelines; (4) trial counsel was ineffective for failing to (a) challenge certain jurors for cause, (b) object to the trial court's closure of the courtroom, and (c) call key defense witnesses at trial; (5) his conviction and sentence were based on fraud and deception; and (6) his Sixth Amendment rights were violated when the circuit court remanded his case to the district court for further testimony.

The Court determined during a preliminary review of the habeas petition that Petitioner had failed to exhaust state remedies for his fifth and sixth claims. Accordingly, on March 25, 2016, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed for failure to exhaust state remedies for all his claims. See docket no. 4. On April 15, 2016, Petitioner initially responded to the Court's order by stating that he did exhaust state remedies for his fifth and sixth claims. See docket no. 6. On May 31, 2016, however, Petitioner moved to dismiss his habeas petition without prejudice so that he could pursue post-conviction remedies in state court. See docket no. 7. Finally, on June 10, 2016, Petitioner moved to hold his habeas petition in abeyance while he returns to state court and files a post-conviction motion, raising his fifth and sixth claims and an additional claim about appellate counsel.

## II. Discussion

The doctrine of exhaustion of state remedies requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process." *Id.* at 845. Thus, to properly exhaust state

remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner alleges in his habeas petition that he raised claims one through four in both state appellate courts, but that he raised his fifth and sixth claims only in the Michigan Supreme Court. Submission of a new claim to the state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Consequently, Petitioner failed to exhaust state remedies for his fifth and sixth claims when he presented them to the Michigan Supreme Court, but not the Michigan Court of Appeals. His pleading is a "mixed" petition of four exhausted claims and two unexhausted claims.

A federal court ordinarily may not adjudicate "mixed" petitions and must, instead, dismiss the petition without prejudice so that the petitioner can return to state court and present the unexhausted claims to the state court in the first instance. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (explaining the Court's holding in *Rose v. Lundy*, 455 U.S. 509 (1982)). But the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to file habeas corpus petitions. *See* 28 U.S.C. § 2244(d). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 U.S. at 275. For example, "if a district court dismisses a mixed petition close to the end of the 1-year period, the

petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period ends are slim." *Id.*

To solve this problem, some courts have adopted a "stay-and-abeyance" procedure whereby a court holds a habeas petition in abeyance while the petitioner returns to state court to pursue state remedies for previously unexhausted claims. *Id.* at 275. After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76.

This stay-and-abeyance procedure is appropriate in "limited circumstances," *id.* at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. In such circumstances, the district court should stay, rather than dismiss, the mixed petition because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

Petitioner does not appear to be engaged in dilatory litigation tactics, his unexhausted claims are not plainly meritless, and he has alleged that appellate counsel was "cause" for his failure to raise his fifth and sixth claims in the Michigan Court of Appeals. Furthermore, a dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations. The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

Accordingly, **IT IS ORDERED** that Petitioner's motion to hold his habeas petition in abeyance (docket no. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that, as a condition of this stay, Petitioner shall file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order.

**IT IS FURTHER ORDERED** that, if Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to re-open this case within **ninety (90) days** of exhausting state remedies for his new claims. The motion and amended petition shall contain the same case number that appears on this order, and because amended pleadings generally supersede original pleadings, *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 617 (6th Cir. 2014), the amended habeas petition shall include all the exhausted claims that Petitioner wants the court to consider. Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

**IT IS FURTHER ORDERED** that Petitioner's motion to dismiss his case (docket no. 7) is **DENIED** as moot in light of his subsequent motion to hold the habeas petition in abeyance.

Finally, **IT IS ORDERED** that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

**IT SO ORDERED**.

Dated:  July 11, 2016                                       s/ Sean F. Cox
                                                                          Sean F. Cox
                                                                          U. S. District Judge

I hereby certify that on July 11, 2016, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                  s/ Jennifer McCoy
                                                  Case Manager