UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RAY MIX,

      Petitioner,

v.                                                 CASE NO. 2:16-cv-10909
                                                    HONORABLE SEAN F. COX

DUNCAN MACLAREN,

      Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 27)

### I. Introduction

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner filed an amended habeas corpus petition challenging his state convictions for three counts of criminal sexual conduct (CSC) in the first degree, Mich. Comp. Laws § 750.520b(1)(a), two counts of CSC in the second degree, Mich. Comp. Laws § 750.520c(1)(a); and one count of assault with intent to commit CSC involving sexual penetration, Mich. Comp. Laws § 750.520g(1). He raised multiple issues about the pretrial proceedings, the state trial court, his former attorneys, and his sentence.

On September 29, 2021, the Court denied the amended habeas corpus petition, declined to issue a certificate of appealability, and entered judgment in

respondent Duncan Maclaren's favor. (ECF Nos. 23 and 24.) Petitioner has appealed the Court's judgment. (ECF No. 25.)

Before this Court is Petitioner's motion for a certificate of appealability. (ECF No. 27). Petitioner states that the issues on appeal are whether (1) trial counsel was ineffective, (2) the trial court erred in a ruling on a face-to-face confrontation, (3) the trial court violated his right to due process by incorrectly scoring an offense variable, and (4) appellate counsel was ineffective for failing to raise issues on direct appeal. (*Id*. at PageID.2438, ¶ 3.)

Although the Court declined to issue a certificate of appealability in its dispositive opinion, Petitioner contends that his appellate issues are substantial, not frivolous, and debatable among jurists. He also contends that the Sixth Circuit could resolve the issues differently from this Court. (*Id*. at PageID.2440, ¶ 6.)

## II. Legal Framework

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

"While this standard is not overly rigid, it still demands 'something more than the absence of frivolity.' " *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)). "[A] court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Id*. When applying this standard,

> a court must consider *not only* the merits of the underlying constitutional claim *but also* any procedural barriers to relief. *Buck v. Davis*, ⸺ U.S. ⸺, 137 S. Ct. 759, 777, 197 L.Ed.2d 1 (2017); *Slack*, 529 U.S. at 484–85, 120 S.Ct. 1595; *see also Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*.

*Id*. (emphases in original).

## III. Discussion

Petitioner has not supported his pending motion with any specific arguments about appellate counsel or the trial court's calculation of the sentencing guidelines. Instead, Petitioner seems to be saying that the Court unreasonably applied clearly established federal constitutional law when it determined that his trial attorney was not ineffective for failing to object to the trial court's lack of findings on the use of a witness screen. (ECF No. 27, PageID.2440, ¶ 7.) Petitioner also alleges that another court could disagree with this Court's finding that his right to confrontation was not violated. (*Id.*)

### A. Trial Counsel's Failure to Object to the Use of a Witness Screen

The Michigan Court of Appeals agreed with Petitioner that defense counsel's failure to object to the use of a witness screen was unreasonable because the trial court did not make the necessary findings for use of a witness screen. The Court of Appeals, nevertheless, concluded that Petitioner's claim lacked merit because there was not a reasonable probability that the result of the trial court would have been different absent counsel's error.

This Court agreed that defense counsel's failure to object to the use of a witness screen did not constitute ineffective assistance. The Court pointed out that the preference for face-to-face confrontation at trial, " ' must occasionally give way to considerations of public policy and the necessities of the case[.]' " *Maryland v. Craig*, 497 U.S. 836, 849 (1990) (quoting *Mattox v. United* States, 156 U.S. 237, 243 (1895)). The presence of "other elements of confrontation—oath, cross-examination, and observation of the witness' demeanor—adequately ensures that the testimony is both reliable and subject to rigorous adversarial testing in a manner functionally equivalent to that accorded live, in-person testimony." *Id*. at 851.

At Petitioner's trial, moreover, there was evidence that the complainant feared Petitioner, and, as the Michigan Court of Appeals correctly observed,

> the victim was physically present in the courtroom, testified under oath, and was subject to cross-examination, and the record suggests

> that the screen allowed the jury to see the victim. Further, there was other acts evidence to corroborate the victim's testimony, and her testimony was corroborated by physical evidence of her unusually thin hymen.

*People v. Mix*, No. 315355, 2014 WL 3512960, at *4 (Mich. Ct. App. July 15, 2014).

There is not a substantial reason to think that the Court's denial of relief on Petitioner's ineffective-assistance-of-counsel-claim might be incorrect. Accordingly, the Court declines to grant a certificate of appealability on Petitioner's ineffective-assistance-of-counsel claim.

### B. The Trial Court's Ruling on the Confrontation Clause

Petitioner argues next that another court could disagree with this Court's reasoning on his related claim that the trial court deprived him of his right to a face-to-face confrontation by allowing the complainant to testify through a two-way witness screen. The Michigan Court of Appeals reviewed Petitioner's confrontation claim for "plain error" because Petitioner did not present the issue to the trial court. Respondent, therefore, argued in his answer to the amended habeas petition that Petitioner procedurally defaulted his claim, and this Court agreed. The Court also determined that Petitioner had not shown "cause" for his procedural default or that a miscarriage of justice would occur if the Court did not adjudicate the merits of his claim.

A claim that has arguable, or even obvious, merit, but is plainly barred by a procedural default, should not receive a certificate of appealability. *Moody,* 958 F.3d at 488. Accordingly, the Court declines to issue a certificate of appealability on Petitioner's claim that the trial court deprived him of his rights under the Confrontation Clause.

## IV. Conclusion

Petitioner has not satisfied the standard for obtaining a certificate of appealability. The Court, therefore, denies Petitioner's motion for a certificate of appealability.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: November 10, 2021